IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

IN RE: Tami Lynn Layman                    Chapter 13
                                           Case No. 17-50328

        Debtors

---

**CONSENT ORDER**

☐   **AMENDING PLAN TO EXTEND PLAN PAYMENTS**

**X**   **AMENDING PLAN TO ALTER PLAN PAYMENTS**

☐   **CLARIFYING PLAN TERMS**

☐   **RESOLVING TRUSTEE MOTION TO DISMISS**

☐   **ADDING ADDITIONAL ATTORNEY FEES TO BE PAID BY THE TRUSTEE**

    1.    It appears to the Court that:

        A.    The Debtors filed this bankruptcy case on 04/05/2017.

        B.    The Debtors' Chapter 13 Plan was last confirmed on 9/11/2017
("the most recently confirmed Plan").

        C.    Due to changed circumstances, the Debtors have proposed an
extension of plan payments, an increase in the amount of the monthly plan payments,
or a clarification of Plan terms that will allow them to successfully complete their Plan.
The specific reason for these changes is: [*Check and complete either sub-paragraph 1. or 2.,
or both, whichever applies*]:

        ☐   1.  To cure a default in Plan payments

        **X**   2.  Other: Increase plan funding due to the receipt of an
                inheritance.

        D.    After reviewing the proposed changes, the Chapter 13 Trustee has
advised the Court that these changes will have at most a *de minimis* impact on creditors
receiving distributions under the Plan, and will not result in a reduction in the total
amount to be paid to any allowed unsecured claim under the Plan. "De minimis impact"
means either that (i) the Plan has been extended by three months or less and the total
amount being paid to each allowed unsecured claim has remained the same or
increased slightly, or (ii) the Plan has been extended by six months or less and the total
amount being paid to each allowed unsecured claim has been increased by at least five per cent.

1

E.      The Trustee has recommended that the Court approve such changes without notice to creditors.

2.      Upon consideration of the facts presented in the Debtors' or the Trustee's motion, it is hereby **Ordered** that the Debtor's Chapter 13 plan payment schedule is changed as follows:  [*Check and complete either paragraph A. or B., whichever applies.*]

☐    A.      **Length of plan remains the same and the total amount of plan payments does not decrease:**

(1)      According to the Trustee's Receipt records, the Trustee has received $ from the Debtors as of    .

(2)      The total amount of Plan payments due under the most recently confirmed Plan was $      . The new total of Plan payments will be $            .

(3)      Plan payments will be $ per month beginning , for  remaining months of the most recently confirmed plan, until (i) the total of plan payments set forth above is received, or (ii) all claims are paid 100%, whichever occurs first.

(4)      For resolving the matters herein the Debtor's attorney is hereby awarded additional attorney fees of $150.00, which shall be paid by the Trustee.

☒ X    B.      **Length of plan is being changed and/or the total amount of plan payments is being changed:**

(1)      According to the Trustee's Receipt records, the Trustee has received **$3,804.00** from the Debtors as of 4/9/2018.

(2)      The total amount of Plan payments due under the most recently confirmed Plan **$13,984.00**. The new total of Plan payments will be **$32,618.00**.

(3)      The total number of Plan payments under the most recently confirmed order resolving was 60 months.  The total number of Plan payments after this change will be within 60 months of initial confirmation.

(4)      The new Plan payments will require **$28,814.00** as a single lump sum due 4/30/2018.

C.      [*If applicable*:] **The following provisions of the most recently confirmed Plan are clarified as follows:**

D.      If this Order is being filed in response to the Trustee's motion to dismiss the case because of a default in Plan payments, then:

1.      If the Trustee fails to receive any payment set forth above within thirty days of its due date, the Trustee may certify to the Court that the Debtors are in default in plan payments and send notice of the certification to the Debtors and their counsel.

2.      If the Debtors fail within 21 days from the date of the Trustee's certification to either (i) cure the default, or (ii) file with the Court and with the Trustee a written response and a request for a hearing, then the Debtors' case may be dismissed by the Court without further notice or hearing.

E.      Counsel for Debtors shall:

1.      Serve this Order upon the Debtors; and

2

2.    If the Debtors' Plan payments are being made by automatic wage deduction from an employer and this Order changes the payment amount or duration of the existing wage deduction Order, file with the Court an amended wage deduction Order within fourteen days.

Entered this 26th day of April, 2018.

_____
U.S. Bankruptcy Court Judge

By endorsement of this order, Debtor(s)' counsel certifies that the specific terms of this order have been reviewed either by personal contact, by telephone, or by electronic communication with the debtor(s), and that the debtor(s) have indicated that they understand the terms of this order.

We ask for this:

/s/ Tami Lynn Layman
Tami Lynn Layman

/s/ David Cox
David Cox
Cox Law Group, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
(434) 845-2600 (phone)
(434) 845-0727 (fax)
david@coxlawgroup.com
Counsel for Debtors

Seen and not objected to:

/s/ Herbert Beskin
Herbert Beskin, Chapter 13 Trustee
P.O. Box 2103
Charlottesville, VA  22902
(434) 817-9913 (phone)
(434) 817-9916 (fax)
hbeskinch13@ntelos.net